IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-50535
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KIRBY LOREN AMLEE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:06-CR-172-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kirby Loren Amlee appeals the 63-month sentence he received following his guilty-plea convictions for theft of U.S. property, in violation of 18 U.S.C. § 641; transportation of ammunition by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and (6), 924(a)(2); and transportation of stolen property through interstate commerce, in violation of 18 U.S.C. § 2314. He challenges the district court's application of the Sentencing Guidelines. We review the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Washington, 480 F.3d 309, 317 (5th Cir. 2007).

The district court denied Amlee credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 because he was arrested and convicted for being a felon in possession of a firearm after he had already pleaded guilty in this case. Amlee argues that he nevertheless should have received this credit because he cooperated fully and in a timely manner. He maintains that he should not be penalized for that subsequent criminal behavior because, at the time of the offense, he was unaware that he was prohibited from possessing firearms and was selling the weapon at issue in an attempt to comply with his bond conditions in this case. The district court found Amlee's assertion of ignorance to be not credible and we will not disturb that determination. See United States v. Juarez-Duarte, 513 F.3d 204, 208-09 (5th Cir.), cert. denied, 128 S. Ct. 2452 (2008). Moreover, the district court's denial of credit under § 3E1.1 was based on its finding that Amlee's post-plea criminal conduct outweighed the evidence of his acceptance of responsibility. See § 3E1.1, comment. (n.3). Amlee has not shown error in this regard. See Washington, 480 F.3d at 317.

Amlee contends that the district court erred in increasing his offense level by two pursuant to U.S.S.G. § 3C1.1 based on his obstruction of justice. Amlee does not suggest that § 3C1.1 is not applicable to his offense conduct. Instead, he argues that his cooperation with the Government should offset his obstructive behavior and that it was unfair to apply this adjustment when the Government had agreed to recommend a reduction for acceptance of responsibility. A reduction in offense level for acceptance of responsibility and an increase in offense level for obstruction of justice are not mutually exclusive. See § 3E1.1, comment. (n.4). Amlee's arguments in this regard are insufficient to show that the district court clearly erred in applying the § 3C1.1 enhancement. See United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994); see United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005).

Amlee contends that the district court erred in increasing his offense level by two pursuant to U.S.S.G. § 2B1.5(b)(4) because Amlee committed the instant offense for pecuniary gain. Among the items that Amlee stole were various antique weapons, ammunition, and military memorabilia. Amlee contends that he stole those items merely to add to his collection of such items and had no intention of selling them. However, Amlee had described his collection as an investment and conceded that he sometimes sold guns to upgrade his collection. The district court found Amlee to be not credible on this point. We afford that finding deference. See Juarez-Duarte, 513 F.3d at 208-09. The district court did not clearly err in finding that Amlee committed the crime for pecuniary gain, and it properly applied § 2B1.5(b)(4). See Washington, 480 F.3d at 317; Villanueva, 408 F.3d at 203.

Amlee contends that his offense level should not have been increased pursuant to U.S.S.G. § 2K2.1 based on the finding that the ammunition he stole was possessed in connection with anther felony offense. He acknowledges our decision in United States v. Armstead, 114 F.3d 504, 512 (5th Cir. 1997), wherein we held that the enhancement was applicable where two men who broke into a pawn shop stole firearms. We determined that the "other felony" in Armstead was the state law crime of burglary committed when the two men broke into the pawn shop. Id. at 513. Amlee argues that Armstead is distinguishable because there is no evidence that he was ever charged with burglary in state court. This distinction, however, is irrelevant. See § 2K2.1, comment. (n.14(C)). Amlee has not shown error regarding the application of § 2K2.1. See Washington, 480 F.3d at 317.

Amlee contends that the district court erred in calculating the loss amount for purposes of U.S.S.G. § 2B1.1(b)(1)(D). He incorrectly asserts that he testified as an expert witness as to the values of the stolen items, and he complains that the district court accepted some, but not all, of the valuations he offered. We note that the district court reduced most of the valuations of the stolen items set

forth in the presence report and discounted some of them altogether. Nevertheless, the district court's final calculation did not sufficiently reduce the loss amount to lower Amlee's offense level. On appeal, Amlee speaks only to the district court's estimation of the value of the stolen goods. He does not take into account the district court's calculation of the costs to repair the buildings that Amlee broke into or to restore the antique items. The district court's estimation of the loss amount for purposes of § 2B1.1 was reasonable and does not constitute clear error. § 2B1.1, comment. (n.3(C)); United States v. Messervey, 317 F.3d 457, 464 (5th Cir. 2002).

Amlee argues that he was improperly penalized by the grouping of two of his convictions under U.S.S.G. § 3D1.2. The probation officer explained that due to the effect of multi-count grouping under § 3D1.4, Amlee actually had a lower offense level when Counts One and Three were grouped for purposes of § 3D1.2. After much discussion, the district court adopted the probation officer's grouping calculations. Amlee's argument in this regard does not take into account the effect of the multiple-count-adjustment grouping required under § 3D1.4. Amlee has not shown that the district court improperly applied the grouping guidelines. See Washington, 480 F.3d at 317.

Finally, Amlee contends that the district court erred in finding that his May 2006 arrest for being a felon in possession of a firearm and his October 2006 arrest for that same offense were to be counted separately. The district court determined that the offenses occurred on different dates and involved separate arrests, indictments, and different weapons. Amlee's disagreement with the finding that the offenses were separate is insufficient to show that the district court erred in calculating his criminal history points. See Washington, 480 F.3d at 317; Villanueva, 408 F.3d at 203.

AFFIRMED.